Herman PERRIAN, Plaintiff–Appellant,

v.

James E. O'GRADY, Sheriff of Cook County, Defendant–Appellee.

No. 90–1267.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 29, 1992.

Decided March 19, 1992.

Ginamarie A. Gaudio (argued), Williams & Montgomery, Chicago, Ill., Thomas Broden, University of Notre Dame, Notre Dame, Ind., for plaintiff-appellant.

Douglas B. Swill, Asst. States Atty. (argued), Chicago, Ill., for defendant-appellee.

Before FLAUM and KANNE, Circuit Judges, and PELL, Senior Circuit Judge.

KANNE, Circuit Judge.

This case concerns a prisoner's civil rights suit which alleged deliberate indifference in denying medical treatment. A jury returned a verdict for the defendant, James O'Grady, Sheriff of Cook County, Illinois. On appeal, plaintiff Herman Perrian asserts that the district court erred in denying him leave to file a second amended complaint to add necessary defendants. We affirm the district court's denial of the motion.

## I. BACKGROUND

Herman Perrian was incarcerated at the Cook County Jail, Division 1, beginning September 20, 1987. During his incarceration, he requested medical attention for a back injury and an abdominal condition. He was examined by Dr. Eric Kelly, a physician at the jail's Cermak Health Services ("Cermak") assigned to treat inmates in Division 1, who prescribed medication for Perrian's conditions.

On July 20, 1988, Perrian, *pro se*, filed a civil rights complaint alleging that Cook County Sheriff James O'Grady and employees of the Cook County Department of Corrections violated his Eighth Amendment rights by denying him his prescribed medical treatment. The district court appointed

counsel. Perrian filed an amended complaint naming as defendants Sheriff O'Grady, Spencer Leak, Executive Director of the Cook County Department of Corrections, Steven Rossetti, Superintendent of Division 6, and Captain Sykes, Chief of Security, Division 6. On March 27, 1989, the district court dismissed all the defendants except O'Grady.

On September 21, 1989, Perrian filed a motion for leave to amend his complaint to add Cook County as an additional defendant. The district court denied that motion. On that date, Perrian also asked for an extension of the discovery period, which the district court denied. On November 1, 1989, Perrian filed a motion for leave to amend his complaint to add the following necessary defendants: Dr. Eric Kelly, Dr. John Raba, Cermak's Medical Director, and Avery Johnson, Jr., the Director of EMT (Emergency Medical Technician) Services at Cermak, as well as paramedics Cooper, Dixon, McKinny, and other unknown paramedics of Cermak. On November 24, 1989, the district court denied the motion, stating as its reason: "Plaintiff has not shown good cause for amending this complaint on the eve of the trial."[1]

It is the denial of this final motion that is the subject of this appeal. Perrian argues that the district court abused its discretion by denying leave to amend and by failing to provide a justifying reason for the denial under Federal Rule of Civil Procedure 15(a) and erred by denying it under Federal Rule of Civil Procedure 19. Perrian asks this court to remand for a new trial in which he would be permitted to join the defendants he sought to join in his proposed second amended complaint.

## II. ANALYSIS

### A. *Federal Rule of Civil Procedure 15(a)*

Any time after a responsive pleading has been served, a party must seek leave from the court or written consent of the adverse party to amend a plead-

---

1. The trial commenced on January 8, 1990.

ing. *Amendola v. Bayer*, 907 F.2d 760, 764 (7th Cir.1990) (citing Fed.R.Civ.P. 15(a)). While leave to amend is to be freely given when justice so requires, Fed. R.Civ.P. 15(a), it is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir.1991) (citing *Foman v. Davis*, 371 U.S. 178, 183, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). It is within the sound discretion of the district court whether to grant or deny a motion to amend. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir.1990). A court of appeals will overturn a district court's denial of a motion to amend only if the district court has abused that discretion by not providing a justifying reason for its decision. *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir.1991).

Perrian argues that his motion to amend should have been granted since there was no undue delay, bad faith, or dilatory motive on his part and that there were no repeated failures to cure deficiencies by amendments previously allowed. In any event, Perrian contends, the motion would not have caused any undue prejudice to the opposing party. Perrian also argues that the identity of the necessary parties was found through discovery and that the timing of his motion was caused by the defendant's repeated delays in responding to discovery requests.[2] He asserts that the interests of substantial justice demanded the granting of leave to amend because his case was hindered by the additional burden of proving that O'Grady's acts were part of a policy or custom.[3] He further argues that the single sentence given by the district court as justification for its decision was inadequate.

O'Grady counters that although leave to amend normally should be given freely, the public has an interest in the prompt resolution of legal disputes. *Tamari v. Bache & Co. S.A.L.*, 838 F.2d 904, 909 (7th Cir.1988). O'Grady argues that the proposed amendment would have resulted in undue prejudice by leading to expensive and time-consuming discovery. He argues that Perrian inexcusably waited until shortly before the trial was to begin to add new defendants, noting that Perrian filed the second amended complaint 16 months after the initial filing of the complaint. O'Grady refutes Perrian's claim that the timing of his motion was due to O'Grady's delays in responding to discovery requests. While conceding that he had answered all written interrogatories by July 14, 1989, 22 days after all written discovery was to be completed, O'Grady points out that the court lengthened discovery until September 21, 1989, the very day that Perrian sought to extend discovery to depose Dr. Raba and Dr. Kelly. In denying the extension of discovery, the district court remarked: "These doctors, I mean if the basis of the claim is lack of medical treatment at the county jail, it seems like the first people you'd want to depose are the doctors who treated him." Tr. Sept. 21, 1989 at 2–3. Finally, O'Grady argues that the district court's justifying reason for denying the motion was sufficient in light of Perrian's unjustifiable delay in amending his complaint. This position, he claims, finds support in the district court's denial of Perrian's request for extension of discovery.

While delay in itself does not constitute a sufficient basis for denying a motion to amend, *Feldman v. Allegheny Int'l, Inc.*, 850 F.2d 1217, 1225 (7th Cir.1988), "the longer the delay, the greater the presumption against granting leave to amend." *Tamari*, 838 F.2d at 908; *see also Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180, 1184 (7th Cir.1986) ("considerations of delay and prejudice may pre-

---

2. However, as O'Grady's counsel pointed out at oral argument, Dr. Kelly and Paramedic Cooper were identified in documents that Perrian submitted to the district court in 1988.

3. O'Grady was sued in his official capacity. The proposed amended complaint attempted to sue O'Grady in his individual capacity as well.

clude automatic grant of an amendment"). The burden to the judicial system can justify a denial of a motion to amend "even if the amendment would cause no hardship at all to the opposing party." *Tamari*, 838 F.2d at 908. Because substantive amendments shortly before trial serve to defeat the public's interest in speedy resolution of legal disputes, *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1379 (7th Cir.1990), "[a] district court judge is entitled, in such circumstances, to refuse to allow a plaintiff's amendment." *Campbell*, 893 F.2d at 927.

■ Perrian's contention that his case was hindered by the additional burden of proving a policy or custom has no merit. Even if the interests of justice did include making a party's case easier to prove, Perrian's long delay in presenting his proposed second amended complaint is fatal to his case. Perrian is alleging a lack of medical treatment, yet he did not pursue the possibility of suing the medical personnel until just before trial. Moreover, even if O'Grady's admittedly tardy written interrogatories first brought to Perrian's attention the need to depose the medical personnel, Perrian has not explained why he waited from July 14 to September 21, the end of the lengthened discovery period, to ask to depose the medical personnel, and then until November 1 to add them as defendants.[4] Despite Perrian's claims that granting leave to amend would not cause undue prejudice to the defendant, clearly resolution of this case would have been delayed. The district court did not abuse its discretion in denying leave to amend.

■ Although the district court's reason for the denial of the motion would have been more helpful if it were expanded, it passes muster. Unlike *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir.1990), where the Third Circuit found that the Administrative Law Judge's comments that the arguments of the party opposing the motion to amend were "well-taken" did not rise to

a justifying reason, here the district court's explanation, "Plaintiff has not shown good cause for amending this complaint on the eve of the trial," demonstrates that the district court was relying on undue delay as its reason. While it is within the district court's discretion to deny a motion to amend on the basis of delay and prejudice to the opposing party, *Fort Howard*, 901 F.2d at 1379, here the wording of the district court's denial focused only on delay and not on prejudice. We have reviewed the record and find that it supports a justifying reason of undue delay and prejudice to the judicial system if not also to O'Grady. *See Nolin v. Douglas Co.*, 903 F.2d 1546, 1550 (11th Cir.1990). At the proceedings for submission of the final pretrial order of November 1, 1989, counsel advised the court that Perrian would like to amend the complaint. The court responded that at this stage motions to amend are usually not granted unless they would not "affect the trial, the discovery or anything like that at this point." Tr. Nov. 1, 1989 at 5. Thus, the district court was concerned with the burdens involved with the motion so close to the beginning of trial. "Eleventh hour additions ... [are] bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants." *Campbell*, 893 F.2d at 927 (motion to amend three weeks before trial was burdensome). Moreover, "[a] trial judge is particularly well-situated to judge the worthiness of a plaintiff's motion to amend his complaint, having been involved in the progress of the case throughout its development and having viewed first-hand the party's diligence or lack thereof." *Bohen*, 799 F.2d at 1185. The district court's justifying reason was sufficient in light of the record as a whole.

## B. Federal Rule of Civil Procedure 19

Federal Rule of Civil Procedure 19(a) provides, in relevant part:

A person who is subject to service of process and whose joinder will not de-

---

4. In support of his argument, Perrian cites to *Textor v. Board of Regents*, 711 F.2d 1387 (7th Cir.1983), which this court remanded to allow the plaintiff to file an amended complaint. Per-

rian's reliance on this case is misplaced because, unlike the instant case, there the district court did not rely on delay in denying the motion to amend. *Id.* at 1391.

prive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties,

. . .

Perrian argues that the parties that he wished to join would not have deprived the district court of jurisdiction and that he was denied the opportunity for complete relief by not being allowed to join them. He asserts that he learned during discovery that the medical personnel he wished to join had knowledge of and participated in the neglect of his medical needs. O'Grady counters that Perrian has not explained why a final decree could not be entered without the joinder of the medical personnel and that, in any event, Perrian was not precluded from presenting evidence that the medical personnel behaved improperly even though they were not joined as defendants.[5]

■ The parties also raise the issue of the appropriate standard of review of a Rule 19 determination. O'Grady argues that abuse of discretion is the proper standard, while Perrian argues in favor of *de novo* review. Though there is a strong trend toward a deferential standard, *Sokaogon Chippewa Community v. Wisconsin*, 879 F.2d 300, 304 (7th Cir.1989), the standard of review of a Rule 19 determination has not been explicitly established in this circuit. *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir.1990) (a case in which the standard of review was not made an issue). It is not necessary to decide this issue here since Perrian has not established under either standard that complete relief could not be accorded without the joinder of the new defendants.

"The term complete relief refers only 'to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Ark-*

*wright–Boston Mfrs. Mutual Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir.1985) (quoting 3A J. Moore, *Moore's Federal Practice* para. 19.07–1[1], at 19–96 (2d ed. 1984)). In his amended complaint, Perrian asked for money damages and injunctive relief. It was not necessary for the medical personnel to be joined for the district court to provide that relief. The district court's disposition of the motion for leave to amend to add necessary parties was correct under Rule 19.[6]

### III. CONCLUSION

The district court did not abuse its discretion under Rule 15(a) in denying Perrian leave to amend his complaint shortly before the anticipated commencement of trial, and the justifying reason provided for the denial was sufficient. Likewise, Perrian did not meet the standard under Rule 19(a) to justify adding new defendants.

AFFIRMED.

---

5. In fact, Perrian called some of the people that he wished to join as defendants to testify at the trial.

6. Fed.R.Civ.P. 19(b) sets forth factors to be considered in determining whether an action must be dismissed because joinder of a party deemed indispensable under Fed.R.Civ.P. 19(a) would

deprive the court of jurisdiction. *Sokaogon*, 879 F.2d at 303. The parties seem to confuse the two provisions of Fed.R.Civ.P. 19. Because complete relief could be accorded between the parties, there is no need to consider the factors of Fed.R.Civ.P. 19(b).