968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael SANDERS, Plaintiff-Appellant,
v.
Robin CHERRY, D.F. Kelly, Sued as Superintendent D.F. Kelly,
Lieutenant Brown, Sued as Lieutenant Brown # 034,
et al., Defendants-Appellees.
 No. 91-1436.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.*
Decided June 26, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Michael Sanders, an inmate at the Pontiac Correctional Center, filed this suit under 42 U.S.C. § 1983 for damages arising out of disciplinary action taken against him by prison officials. He alleges violations of his First, Eighth, and Fourteenth Amendment rights. The district court granted the defendants' motion for summary judgment. Sanders appeals, and we affirm for the reasons stated in the attached district court order.
 
 
 2
 Sanders also attacks various aspects of the proceedings in the district court, and we shall address each of these briefly. Sanders argues that the district court improperly denied his request for appointment of counsel. An indigent's right to counsel in a section 1983 action is not guaranteed. Wolfolk v. Rivera, 729 F.2d 1114, 1119-20 (7th Cir.1984). The district court will request that counsel assist a litigant "only when the cases are colorable, the facts may be difficult to assemble, and the law is complex." DiAngelo v. Illinois Dept. of Public Aid, 891 F.2d 1260, 1262 (7th Cir.1989); see also 28 U.S.C. § 1915(d). It is clear from the record that this is not such a case. The district court did not abuse its discretion in refusing to request counsel on Sanders' behalf.
 
 
 3
 Sanders contends that the district court erred in denying his motion to amend the complaint. It is within the district court's discretion to deny leave to amend. Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir.1992). In denying leave to amend, the district court pointed to the fact that the defendants would be unduly prejudiced if they were forced to defend against the added claims since the period for discovery had expired months earlier. The record supports the district court's reasoning, and we find no abuse of discretion. See id. at 195 (delay and prejudice to the opposing party sufficient to justify denial of motion to amend).
 
 
 4
 Sanders charges that the district court judge was unfairly prejudiced against him, and that a new and unbiased judge should have been appointed to the case. We find no evidence in the record to support Sanders' claims of bias. The fact that Judge Baker made several rulings unfavorable to Sanders does not establish that the district court had any alleged "conflict of interest." Cf. Pepsico, Inc. v. McMillen, 764 F.2d 458, 460 (7th Cir.1985) (Recusal is appropriate where "an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case.").
 
 
 5
 Sanders complains that in granting the defendants' summary judgment motion, the district court judge improperly exerted control over the proceedings since the case had been assigned to a magistrate judge for status calls, and the defendants had filed a jury demand. Neither of these facts abrogated the district court judge's authority to dispose of the case through summary judgment. See 28 U.S.C. § 636(b)(1)(A) ("a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion ... for summary judgment"); Fidelity & Deposit Co. v. United States, 187 U.S. 315, 319-21 (1902) (summary judgment does not violate the Seventh Amendment).
 
 
 6
 Finally, Sanders requests Rule 11 sanctions against the defendants because they filed a frivolous motion for summary judgment. As our disposition of this case demonstrates, the motion for summary judgment was clearly not frivolous, and no sanctions of any sort are warranted.
 
 The judgment of the district court is
 
 7
 AFFIRMED.
 
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 8
 MICHAEL SANDERS, Plaintiff,
 
 
 9
 vs.
 
 
 10
 ROBBIN CHERRY, et al., Defendants.
 
 No. 89-2112
 Feb. 12, 1991
 ORDER
 
 11
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, various Pontiac correctional officials, have violated the plaintiff's constitutional rights by denying him equal protection and by losing his property. This matter is before the court for consideration of pending motions.
 
 
 12
 The plaintiff's "request for additional complaint and defendants" will be denied. "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. ... [o]therwise a party amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). The grant or denial of a motion to amend the pleadings is committed to the discretion of the trial court. Knapp v. Whitaker, 757 F.2d 827, 849 (7th cir.1985), cert. denied, 474 U.S. 803 (1985), relying on Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330-331 (1971).
 
 
 13
 Here, the interests of justice weigh against granting the plaintiff leave to amend. Allowing the plaintiff to append additional claims at this stage of the proceedings would unduly prejudice the defendants, since the time for completing discovery has already expired. Moreover, the plaintiff may not use the amendment process to raise new causes of action.
 
 
 14
 In his motion, the plaintiff raises entirely new claims against defendants not named in the original complaint. The plaintiff claims that a Warden Hardwig has harassed the plaintiff and interfered with his access to the courts; the plaintiff also seeks to hold Warden Peters liable for his subordinate's actions. The plaintiff may not use the amendment process to circumvent this court's filing requirements. If the plaintiff wishes to sue persons not named in the original complaint, based on events not related to the original complaint, then the plaintiff must file a separate lawsuit. The motion for leave to amend will be denied.
 
 
 15
 The defendants have moved for summary judgment. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir.1984), cert. denied, 470 U.S. 1028 (1985). "[I]n determining whether factual issues exist, a reviewing court must view all the evidence in the light most favorable to the non-moving party." Black v. Henry Pratt Co., 778 F.2d 1278, 1281 (7th Cir.1985). However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir.1988).
 
 
 16
 The defendants' motion will be allowed. No material facts are in dispute, and the court finds that the defendants are entitled to judgment as a matter of law. The disciplinary proceedings against the plaintiff did not violate his right to equal protection, and the plaintiff's lost property claim does not implicate the Constitution. Accordingly, summary judgment will be entered in favor of the defendants.
 
 FINDINGS OF FACT
 
 17
 The plaintiff is a state prisoner, incarcerated at the Pontiac Correctional Center at all times relevant to this action. The defendants are Pontiac correctional officers. The plaintiff alleges that on November 21, 1988, Defendant Kennedy refused to allow him to shower after work. The plaintiff and Kennedy had a "racial confrontation of words" over the matter. Kennedy again tried to interfere with the plaintiff's shower on November 22, 1988.
 
 
 18
 While waiting to take his shower, the plaintiff fell asleep and missed inmate count. Defendants Brown and Kennedy issued the plaintiff a disciplinary report for causing a miscount on his gallery, and sent him to the segregation unit pending hearing on the charges.
 
 
 19
 When Brown packed the plaintiff's property, he neglected to pack his religious cap and cosmetics. The property was apparently lost or stolen, and the plaintiff filed a grievance. Defendant Cherry, the grievance chairperson, would not refund the plaintiff for the lost property. Defendant Tuley was the segregation officer in charge of returning the plaintiff's property to him.
 
 
 20
 The plaintiff appeared before the Adjustment Committee (chaired by Defendant Lovell) on the charges several days later. At the hearing, Correctional Officer Brown and Lt. Brown testified that the plaintiff had admitted hiding during count because he was upset about the shower. The Committee found the plaintiff guilty of disobeying a direct order, amending the charge from violation of rules. The plaintiff contends that the defendants have engaged in a "conspiracy" to violate his constitutional rights, and that the conspiracy is masterminded by Defendant Kelly.
 
 
 21
 The disciplinary proceedings did not violate the plaintiff's right to due process. There is no indication that the plaintiff was denied any of the due process safeguards mandated by Wolff v. McDonnell, 418 U.S. 539 (1974). The plaintiff has not alleged that he was denied notice of the charges and disposition, witnesses, or the opportunity to contest the charges.
 
 
 22
 The plaintiff's assertion that certain defendants testified against him, presumably falsely, states no claim, since this court does not reweigh the credibility of witnesses.
 
 
 23
 Ascertaining whether [due process] is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.... Superintendent v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 24
 Here, the evidence relied upon by the Committee, including
 
 
 25
 the plaintiff's own admission that he missed count, was
 
 
 26
 sufficient to justify a guilt finding. The court,
 
 
 27
 furthermore, finds no cognizable constitutional violation in
 
 
 28
 the Committee's amendment of the charge from "violation of
 
 
 29
 prison rules" to "disobeying a direct order." The court
 
 
 30
 discerns no conceivable prejudice to the plaintiff's defense
 
 
 31
 by the Committee's amendment of the charge.
 
 
 32
 There is also no triable issue of fact as to whether the plaintiff was the victim of race discrimination. Prison officials may not, of course, distribute benefits or burdens on the basis of impermissible factors such as race or religion. See Madyun v. Thompson, 657 F.2d 868, 874 (7th Cir.1981). However, the record is devoid of facts from which a reasonable person could conclude that the disciplinary proceedings were racially motivated. As discussed above, the plaintiff was allowed to contest the charges before an impartial tribunal. Notwithstanding the argument between the plaintiff and Kennedy where racial slurs were exchanged, the record simply does not support a finding that the plaintiff was disciplined because he is black. Likewise, the plaintiff's conclusory allegations of a "conspiracy" are factually unsupported and therefore cannot survive summary judgment.
 
 
 33
 The plaintiff's lost property claim is also without constitutional merit. Even if the defendants did lose, steal, or destroy the plaintiff's property, the plaintiff has no federal, constitutional cause of action. The State of Illinois has provided that persons who have been deprived of property through the actions of the state or its employees acting in their official capacity may seek compensation for their injury through the Illinois Court of Claims. Ill.Rev.Stat. ch. 37, par. 439.1, et seq. (1987). Alternatively, the plaintiff has the option of filing an action in state court for the tort of conversion. See Greco v. Guss, 775 F.2d 161, 169 (7th Cir.1985). Because the State has provided an adequate postdeprivation remedy, the loss of the plaintiff's property does not present a due process violation. Flower Cab Co. v. Petitte, 685 F.2d 192, 193-94 (7th Cir.1982).
 
 
 34
 The plaintiff attempts to characterize his lost property claim as a First Amendment claim by alleging that his religious cap, among other articles, was taken. However, the plaintiff conceded in his deposition that the loss of his Kufi did not prevent him from practicing his faith. The plaintiff admitted that as long as "something ... even if it's just a rag" covers one's head during prayer, religious requirements are satisfied. The court is particularly reluctant to find a constitutional violation since the record in no way suggests that the defendants intentionally deprived the plaintiff of his religious headgear or otherwise acted to interfere with the plaintiff's exercise of his religion.
 
 
 35
 The plaintiff also raises an Eighth Amendment argument, maintaining that the deprivation of his articles of hygiene was "cruel and unusual." The Eighth Amendment prohibits prison conditions which cause "the unnecessary and wanton infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). A prisoner's inconvenience and discomfort, however, both fall outside the Eighth Amendment. Caldwell v. Miller, 790 F.2d 589, 600-01 (7th Cir.1986). The Seventh Circuit Court of Appeals has repeatedly held that temporary conditions such as those the plaintiff complains of here do not amount to the subjection of "cruel and unusual punishment." See, for example, Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir.1988) (confinement in a "filthy, roach-infested" cell without articles of hygiene for five to ten days did not violate the Eighth Amendment). The loss of the plaintiff's property does not state a cause of action under 42 U.S.C. § 1983.
 
 
 36
 In conclusion, no material facts are in dispute, and the court finds that the defendants are entitled to judgment as a matter of law. The disciplinary proceedings against the plaintiff did not violate his right to equal protection, and the plaintiff's lost property claim does not implicate the Constitution. Accordingly, summary judgment will be entered in favor of the defendants.
 
 
 37
 IT IS THEREFORE ORDERED that the plaintiff's "request for additional complaint and defendants" (construed as a motion for leave to file an amended complaint) (docket # 20) is denied.
 
 
 38
 IT IS FURTHER ORDERED that the defendants' motion for summary judgment (docket # 25) is allowed. The Clerk is directed to enter judgment in favor of the defendants and against the plaintiff. The parties are to bear their own costs. Cause stricken and case dismissed.
 
 
 39
 /s/HAROLD A. BAKER,
 
 CHIEF U.S. DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record