1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Herman PERRIAN, Plaintiff-Appellant,
v.
William O'SULLIVAN, Dr. Michael S. Anderson, Deborah Fuqua,
Hospital Administrator, et al., Defendants-Appellees.
 No. 92-1406.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1993.*
Decided Aug. 6, 1993.
 
 Before MANION and ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Herman Perrian, an inmate at the Western Illinois Correctional Center (W.I.C.C.), filed this suit under 42 U.S.C. Sec. 1983 claiming that he was being denied adequate medical treatment in violation of the Eighth Amendment. The district court granted the defendants' motion for judgment on the pleadings made under Rule 12(c) of the Federal Rules of Civil Procedure. Perrian appeals, arguing that the district court erred by denying him leave to amend his complaint to add additional defendants and to add necessary parties under Civil Rules 15(a) and 19.
 
 I.
 
 2
 Perrian filed a Sec. 1983 suit against various officials of the W.I.C.C. The complaint focuses on events that allegedly occurred there between May 22, 1991, and September 18, 1991. In essence, Perrian alleged that certain officials took his cane, which he needed for walking, and that Dr. Anderson knowingly prescribed medicine that aggravated his peptic ulcer because an alternate medication would cost the state more. R. 7. The complaint, dated September 30, 1991, was received by the clerk's office on October 10, 1991. After the court ruled on Perrian's motion to proceed without prepayment of costs, the complaint was eventually filed on November 5, 1991.
 
 
 3
 On November 7, 1991, Perrian filed a document entitled "Motion for Leave to Incorporate Supporting Affidavit to Complaint." R. 9. Although the motion indicates there is an "attached affidavit," no affidavit is attached to the motion. However, Judge Mills' denial of the motion implies that there was such an affidavit. See R. 16.
 
 
 4
 On January 7, 1992, the defendants filed an answer to the complaint, a motion for judgment on the pleadings, and a memorandum of law in support of the motion for judgment on the pleadings. R. 17-19. The certificate of service indicates that Perrian received copies of these documents. By January 28, 1992, Perrian had not responded, so Judge Mills issued a Rule to Show Cause directing Perrian to show (within 14 days)[1] why judgment should not be entered against him. R. 20. On February 7, 1992, Perrian filed a motion for enlargement of time in which to file a response to the rule to show cause. R. 21. This document bears a note, dated February 11, 1992, apparently handwritten by Magistrate Judge Charles Evans indicating that the motion was "allowed." Yet on that same day, Judge Mills issued an order granting the defendants' motion for judgment on the pleadings.[2] R. 22. Judgment was also entered that same day. R. 23.
 
 
 5
 Perrian prepared a notice of appeal, dated and apparently mailed on February 13, 1992. R. 24. In a letter dated that same day, Perrian indicated that he had received notice at 4:30 that his motion for enlargement of time had been "allowed." He therefore asked the clerk's office to disregard his notice of appeal. R. 30. Perrian's notice of appeal was filed on February 18, 1992, and his letter was filed two days later. A minute entry on the docket sheet dated February 20 indicates that Judge Mills denied Perrian's motion to dismiss his appeal.
 
 
 6
 On February 25, 1992, Perrian filed a document entitled "Notice and Proof of Service," in which he indicated that he was again attempting to incorporate a supporting affidavit, though the record contains no separate motion to incorporate the supporting affidavit. Attached to the "Notice and Proof of Service" is an affidavit, which Perrian requested the court to treat as his "pro se motion and affidavit in opposition to Defendant's [sic] motion for summary judgment." R. 32, affidavit. The affidavit provides further details regarding Perrian's allegations of inadequate medical care. Perrian concludes by asking the court to deny the defendants' motion for judgment on the pleadings; in the alternative, Perrian asks for leave to amend. A minute entry on the docket sheet indicates that Judge Mills denied the motion for leave to incorporate the affidavit for lack of jurisdiction.
 
 II.
 
 7
 Perrian's brief on appeal is a puzzling document. It states facts and advances arguments that appear unrelated to this case. In its "Statement of the Case," it states that "[o]n November 26, 1991 [Perrian] filed a motion for leave to amend complaint adding necessary parties which was denied that same date." Br. at 2. The entire argument section of the brief centers on the failure to grant this alleged motion.
 
 
 8
 According to the record on appeal, Perrian never filed any such motion. He did file (on November 7, not November 26) a "Motion for Leave to Incorporate Supporting Affidavit to Complaint." R. 9. This motion was denied on the 26th of November, R. 16, the same date that he claims his motion to amend was denied. In addition, at page 16 of his brief, he comments that "giving plaintiff leave to amend his complaint to join the individuals in plaintiff [sic] motion for leave to incorporate a supporting affidavit" would not have deprived the district court of jurisdiction. In light of the fact that Perrian is proceeding pro se and may have simply worded his brief inartfully, we construe his brief as challenging the denial of his "Motion for Leave to Incorporate Supporting Affidavit to Complaint." See Haines v. Kerner, 404 U.S. 519 (1972).
 
 
 9
 We will affirm a district court's decision to deny a motion to amend a complaint unless the district court abused its discretion by refusing to grant leave without any justifying reason. Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 665 (7th Cir.1992); Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir.1992).
 
 
 10
 The district court denied Perrian's "Motion for Leave to Incorporate Supporting Affidavit to Complaint" for two reasons. First, the court ruled that Perrian had failed to include evidence that the motion had been served upon the defendants. The court noted that it had specifically warned Perrian in a previous order that "the court cannot accept any document which is not accompanied by proof of service on the defendants." R. 16, p. 2. The previous order indeed warned Perrian that "[a]ny paper received ... which fails to include a certificate of service will be disregarded by the Court." R. 6, p. 2. The district court's order was fully supported by Rule 5(a) of the Federal Rules of Civil Procedure.[3] Perrian's motion failed to include such a certificate.[4] This was a proper reason for denying the motion, so the district court did not abuse its discretion.
 
 
 11
 Moreover, as the government notes, the motion, on its face, purported only to incorporate an affidavit. It did not purport to add additional claims or parties, but only "relevant and material fatcs [sic]." As such, it was extraneous. With regard to what facts should be included in the complaint, Rule 2.12(A)(6) of the Rules of the Central District of Illinois provides:
 
 
 12
 A short statement of names, dates and facts concerning the claim will usually be enough. If the presiding judge requires additional information about a claim, the plaintiff will be ordered to provide a more complete statement.
 
 
 13
 The defendants had not even filed their answer when Perrian sought to incorporate the affidavit into the complaint. At this stage of the proceedings, it was not an abuse of discretion to deny this motion.
 
 
 14
 We will therefore affirm the decision of the district court to deny Perrian's "Motion for Leave to Incorporate Supporting Affidavit to Complaint." We believe, however, that one aspect of Perrian's brief deserves further comment. Perrian's brief states:
 
 
 15
 [I] have try [sic] to seek many [sic] legal assistance but no one seems to care. [M]y motion for enlargement of time was on time. [I]t came stamped Feb 7, 1992[.]
 
 
 16
 Plaintiff did respond to the order of January 28, 1992, showing cause why motion for judgment on the pleadings should not be granted for the defendants. On Feb 7, 1992, plaintiff motion filed and returned to plaintiff stamped dating Nov [sic] 7, 1992.
 
 
 17
 Br. at 6-7. We have considered Perrian's arguments. We have construed his brief liberally. Unfortunately for him, he has said nothing that would allow us to afford him any relief. Although he might have argued that the district court erred by not ruling on his motion for enlargement of time, it was his responsibility to make that argument. In the passage we quoted, Perrian mentioned the fact that his motion for enlargement of time was on time, but he did not claim that the district court erred by not ruling on it. Our duty to liberally construe pro se briefs does not mean we will construe arguments out of thin air. See United States v. Chapman, 954 F.2d 1352, 1358 n. 8 (7th Cir.1992); Brooks v. Allison Div. of Gen. Motors Corp., 874 F.2d 489, 490 (7th Cir.1989).
 
 
 18
 Perrian has depicted the medical treatment afforded him as indifferent and uncaring. We certainly hope that this is not the actual state of affairs at the W.I.C.C. In light of the arguments Perrian offers in this appeal, however, this is not an appropriate case in which to pass judgment on the adequacy of care administered at that facility.
 
 
 19
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Two weeks appears to be a fairly short period of time in which to expect a pro se prisoner to respond to an RSC, considering the time lost in mailing. On the other hand, the defendants had filed their motion for judgment on the pleadings on January 7, so actually Perrian had more than two weeks to prepare a response
 
 
 [2]
 The motion for enlargement of time is the only motion in this case on which Magistrate Judge Evans ruled. Two docket entries indicate that the case would be referred to him, but the record includes no consent by the parties to have a magistrate judge dispose of the case. Whether or not the motion for enlargement of time should have gone to Judge Mills is an issue Perrian has not raised
 
 
 [3]
 Rule 5(a) provides in part:
 Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties.
 
 
 [4]
 Perrian's February 25, 1992, motion (R. 32) did include a certificate of service, but Perrian filed this motion after judgment had been entered and a notice of appeal filed. The district court was therefore without jurisdiction to consider this second motion. We confine our analysis to the motion filed on November 7, 1991. R. 9