41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
BOARD OF COMMISSIONERS OF DELAWARE COUNTY, INDIANA,
Plaintiff-Appellant,
v.
BULL H/N INFORMATION SYSTEMS, INCORPORATED, and Liberty
National Bank and Trust Company of Louisville,
Defendants-Appellees.
 No. 94-1227.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 3, 1994.
Decided Nov. 8, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS, and ENGEL, Circuit Judges.*
 
 ORDER
 
 1
 In April 1992 the plaintiff Board of Commissioners of Delaware County, Indiana ("County") filed this suit against Bull H/N Information Systems, Inc. ("Bull"), Liberty National Bank and Trust Company of Louisville ("Liberty"), and Chicorp Financial Services, Inc. ("Chicorp") requesting that a contract executed between the County and Bull be declared void and unenforceable on the ground that the contracting parties failed to comply with Indiana's competitive bidding statutes. In June 1989 the County executed a contract for an automation system ("System") which Bull designed for the County's new Justice Center. The County then executed a lease of the System with Liberty, thus in effect assigning the contract to Liberty. Four days later Liberty assigned its interest under the lease to Chicorp, which advanced funds directly to Bull for designing the System. Thereafter Chicorp assigned its interest under the lease to Frankenmuth Mutual Insurance Company ("Frankenmuth").
 
 
 2
 The County sought to have the contract declared void and unenforceable because it had been executed without compliance with Indiana's competitive bidding statutes. The County also sought to have the lease with Liberty declared void because it was based on the contract. In addition, the County requested damages for payments it had made to defendants for the System and an injunction precluding possession of the System by Liberty, Bull and Chicorp. Frankenmuth intervened as an assignee of Chicorp and filed a counterclaim against the County requesting an amount representing the balance of the payments due from the County under the lease and an order foreclosing the County's interest in the System. Frankenmuth subsequently filed a motion for summary judgment asserting that (1) it was a bona fide purchaser for value of the lease, (2) it had relied upon the County's representations concerning the validity of the lease, and (3) the County was estopped from contesting the validity of the lease because the County had made 31 consecutive monthly payments to Frankenmuth for the System.
 
 
 3
 In May 1993 the district court granted Frankenmuth's motion for summary judgment and subsequently entered judgment against the County for $741,319.80, the balance of the payments and interest due Frankenmuth under the lease until May 1993.[1] The district court further declared that Frankenmuth was entitled to take possession of the System and to recover attorney's fees and costs. This judgment is not on appeal.
 
 
 4
 In July 1993 Bull filed a motion for summary judgment asserting that the County's complaint against Bull was moot because the court had determined that Frankenmuth was entitled to take possession of the System. Bull also asserted that the contract was not subject to any Indiana public purchasing statute because, inter alia, Chicorp rather than the County had purchased the System.
 
 
 5
 In October 1993 the County filed a cross-motion for partial summary judgment against Bull and a motion to amend the complaint to state a cause of action for breach of warranty by Bull if the court determined that the contract was not void.
 
 
 6
 In December 1993 the district court granted Bull's motion for summary judgment and denied the County's cross-motion for summary judgment and motion to amend the complaint. In its Entry the district court determined that the County's complaint was moot in view of the previous judgment for Frankenmuth. The court also determined that because the County had defaulted on the lease, it forfeited its right to claim breach of warranty by Bull.
 
 Facts
 
 7
 In April 1989, the County's Board of Supervisors ("BOS") requested proposals for a new automation system, including hardware, software, and other computer-related equipment, for the Delaware County Justice Center in Muncie, Indiana. Responses were to set forth annual charges, a summary of various lease programs and the total purchase price, in addition to specifics about the proposed solutions.
 
 
 8
 In May 1989 Bull responded by describing the "solution and system" which it had designed as a model for public sector automation. This response was referred to the BOS, which ultimately unanimously selected Bull to furnish the System.
 
 
 9
 At a June 1989 meeting the County accepted the recommendation of the BOS. At that time, one of the commissioners explained that the System was to be funded through a lease/purchase which he described in greater detail. Subsequently the County executed the contract with Bull and the lease with Liberty. As provided for under the contract, the County simultaneously assigned the agreement to Liberty as lessee. On the same date Liberty sold its interest under the lease to Chicorp, which advanced $1,218,558.20 to the County for use in purchasing the System. Four days later Chicorp sold and assigned its interest in the lease to Frankenmuth. Thereafter the County made 31 monthly rental payments to Frankenmuth under the lease.
 
 
 10
 In July 1991 new counsel for the County advised it that the contract and lease were entered into "without substantial compliance with Indiana's competitive bidding statutes." The County then declared the contract and lease void and ceased making rental payments to Frankenmuth.
 
 
 11
 Summary judgment for Bull and denial of same for County
 
 
 12
 The County's complaint against Bull was properly foreclosed as moot because the district judge had already determined in an unappealed judgment that Frankenmuth was entitled both to possession of the property described in the lease and foreclosure of its security interest therein (County's Br.App. 011-012). Summary judgment for Bull was warranted because the County had no legal interest in the System after the decision favoring Frankenmuth. As the district court explained in its December 23, 1993, Entry, "the lease and the contract are intertwined inextricably" (County's Br.App. 004). Accordingly the County's interest under the contract was foreclosed upon its default under the lease. Therefore it is unnecessary to consider the County's assertion that the contract was invalid under Indiana's Public Purchasing Statute (Ind.Code Sec. 36-1-9-1).
 
 
 13
 Denial of County's motion to amend its complaint
 
 
 14
 The County argues that it should have been permitted to amend its complaint to assert Bull's breach of warranty. However, the Supreme Court has decided that leave to amend is inappropriate where there is undue delay, undue prejudice or futility. Foman v. Davis, 371 U.S. 178, 182. A district court has sound discretion whether to grant a motion to amend, and denial of a motion to amend may not be overturned if the district court has provided a justifying reason. Perrian v. O'Grady, 958 F.2d 192, 194 (7th Cir.1992). As Judge Dillin explained here, since the County defaulted on the lease, it forfeited its right to claim for breach of warranty against the vendor (County's Br.App. 007). The prior unappealed Entry regarding the termination of the County's interest in the System under the lease left the County without standing to assert claims based on an interest in the System under the contract. Id. Thus amendment of the County's complaint would be futile since the proposed cause of action had become moot. Moreover, the County's proposed claims for breach of warranty would necessarily fail since it had used the equipment for several years without complaint.
 
 
 15
 The County's undue delay of 20 months between filing the complaint and seeking to amend also supports denial of leave to amend. Jones v. Hamelman, 869 F.2d 1023, 1026 (7th Cir.1989). In its memorandum of law supporting its motion to amend the complaint, the County admitted that when it filed its complaint on April 10, 1992, it knew the necessary facts supporting the amendment. Thus it stated there:
 
 
 16
 "At the time the County filed its complaint, April 10, 1992, both the County and Bull realized that the problems plaguing the system would not be cured and that the system would never be fully functional, as contemplated by the Bull contract."
 
 
 17
 Such unjustified delay, which would unduly burden Bull and the courts, is fatal to an amendment. Kleinhans v. Lisle Sav. Profit Sharing Trust, 810 F.2d 618, 625-626 (7th Cir.1987).
 
 
 18
 County's motion to certify questions to Supreme Court of Indiana
 
 
 19
 The County has asked us to certify the following two questions to the Supreme Court of Indiana:
 
 
 20
 1. Whether the County can be equitably estopped from voiding a contract procured in violation of Indiana's Public Purchasing Statutes.
 
 
 21
 2. Whether Bull had to comply with Indiana's Public Purchasing Statutes that require public projects to be competitively bid and awarded to the lowest responsible and responsive bidder.
 
 
 22
 Bull has not raised the argument of estoppel against the County. As shown supra, the County cannot now raise Indiana's Public Purchasing Statute. Therefore neither issue will be certified to the Indiana Supreme Court.
 
 
 23
 The district court's grant of Bull's motion for summary judgment, its denial of the County's cross-motion for summary judgment, and its denial of the County's motion to amend its complaint are affirmed.
 
 
 
 *
 The Honorable Albert J. Engel of the United States Court of Appeals for the Sixth Circuit is sitting by designation
 
 
 [1]
 Interest from May 1993 until paid was also awarded