**Carole M. HARTLEY, Plaintiff,**

v.

**WISCONSIN BELL, INC., Defendant.**

No. 94–C–599.

United States District Court,
E.D. Wisconsin.

May 1, 1996.

Kersten & McKinnon by E. Campion Kersten, Milwaukee, WI, for Plaintiff.

Winston & Strawn by William G. Miossi, Chicago, IL, for Defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On May 5, 1994, the plaintiff, Carole M. Hartley, filed a complaint in the circuit court for Milwaukee County alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ["ADEA"] and a state law claim for intentional infliction of emotional distress. By notice of June 7, 1994, the defendant, Wisconsin Bell, Inc., removed the action to federal court noting that this court had original jurisdiction over the action.

According to the complaint, the defendant discharged Ms. Hartley on September 8, 1993, from her position as office manager because of her age—51. In its answer, Wisconsin Bell, Inc., then represented by Attorney Michael A. Greene, admitted that Ms. Hartley was discharged on September 8, 1993, but denied that her discharge was due to her age.

■ Presently before the court is the defendant's motion for leave to amend its answer. The motion to amend was filed on March 1, 1996, approximately 22 months after the filing of the complaint and 21 months after the defendant's answer was filed. The defendant, who is now represented by Attorneys Bernard J. Bobber and William Miossi, seeks leave to amend its answer

to add as an alternative defense the claims that plaintiff's third cause of action for intentional infliction of emotional distress · is preempted by the exclusive remedies under the Wisconsin Worker's Compensation Act, *Wis.Stats.* Chapter 102, and that plaintiff failed to mitigate her damages. Second, the proposed Amended Answer contains a revised response to paragraph 5 of the Complaint intended to make clearer which of the allegations asserted in paragraph 5 of the Complaint are being admitted and which are not. Finally, the proposed Amended Answer differs in several nonsubstantive ways, such as the identification of different attorneys of record.

■ Rule 15(a), Federal Rules of Civil Procedure governs amendments to pleadings and provides, in part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court. . . .

Whether to grant a motion to amend a pleading is within a court's discretion. *Zenith Radio Corp. v. Hazeltine Research,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Goulding v. Feinglass,* 811 F.2d 1099, 1103 (7th Cir.), *cert. denied,* 482 U.S.

929, 107 S.Ct. 3215, 96 L.Ed.2d 701 (1987) (citing *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061 (7th Cir.1979)). The court's discretion is limited to the extent that Rule 15(a) specifically authorizes a party to amend its pleading without seeking leave to amend under certain circumstances which are not present here.

■■■ It is appropriate for the court to deny leave to amend where it is established that there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Figgie International, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th Cir.1992). It is also proper for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir.1981).

The defendant argues that it should be permitted to amend its answer because such amendment is not motivated by bad faith or for purposes of delay. According to the defendant, the amendment to the answer was sought shortly after defense counsel was replaced in January 1996, and a strategic decision was then made to add the preemption and mitigation defenses. In addition, the defendant argues that the plaintiff will suffer no prejudice as the proposed amendments should require minimal, if any, discovery. The defendant insists that the preemption defense involves only legal issues and that the plaintiff already knows all of the facts material to the preemption and mitigation defenses.

In contrast, Ms. Hartley maintains that the motion of Wisconsin Bell, Inc. is untimely insofar as such defenses were available when the original answer was filed. Ms. Hartley also argues that she would be prejudiced by an amendment at this stage of the litigation because, contrary to the defendant's assertion, she would be required to engage in renewed discovery.

■■■ Because the public has an interest in the prompt resolution of legal disputes, the longer the delay in amending one's pleading, the greater the presumption against granting leave to amend. *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir.1992) (citing *Tamari v. Bache & Co., S.A.L.*, 838 F.2d 904, 909 (7th Cir.1988)); *Select Creations, Inc. v. Paliafito America, Inc.*, 830 F.Supp. 1213, 1216 (E.D.Wis.1993). Yet, the mere passage of time need not result in refusal to grant leave to amend; rather, it is only **undue** delay that forecloses amendment. *Dussouy*, 660 F.2d at 598 (emphasis in original). The burden to the judicial system alone—for example, from delaying resolution of the case—can warrant denial of leave to amend even in the absence of prejudice to the opposing party. *Perrian*, 958 F.2d at 194–95.

Ms. Hartley contends that Wisconsin Bell, Inc. should not be allowed to amend its answer at this late date because there is no reason the proposed defenses could not have been raised in the original pleading. Other than retaining new counsel in January 1996, the defendant offers no explanation for the delay in advancing the additional defenses.

■■■ As to the issue of prejudice, the non-movant has the burden to show prejudice which outweighs the moving party's right to have the case decided on the merits. *Select Creations, Inc.*, 830 F.Supp. at 1217 (citing *Alberto–Culver Co. v. Gillette Co.*, 408 F.Supp. 1160, 1161–62 (N.D.Ill.1976)). Ms. Hartley's claim of prejudice is based entirely on her claim that additional discovery will have to be done if the defendant is allowed to amend its answer to add the proposed two defenses. However, the plaintiff does not specify what discovery will in fact have to be completed. Indeed, her own brief indicates that some discovery in the form of depositions has already yielded substantial evidence bearing on the mitigation issue and she fails to dispute the defendant's characterization of the preemption defense as a legal one which will not require discovery.

While it appears that there was some delay on the defendant's part in advancing the defenses it now wishes to add, I am not convinced that such delay was completely unwarranted. Moreover, there is no cogent evidence in the record which demonstrates

that the plaintiff will suffer prejudice if the defendant is allowed to amend its answer or that the ultimate resolution of this case will be delayed as a result of the amendments.

Accordingly, I will grant the defendant's motion for leave to amend its answer. Wisconsin Bell, Inc. will be directed to serve and file its amended answer within 10 days of this decision and order.

Therefore, IT IS ORDERED that the defendant's Motion for Leave to Amend Answer be and hereby is granted, without costs.

IT IS ALSO ORDERED that the defendant be and hereby is directed to serve and file its amended answer within 10 days of the date of this decision and order.