In the

# United States Court of Appeals
### For the Seventh Circuit

———————

No. 06-3175

CHRISTINA SOLTYS and DANUTA PAUCH,

*Plaintiffs-Appellants,*

*v.*

YVONNE COSTELLO,

*Defendant-Appellee.*

———————

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 04 C 448—**Andrew P. Rodovich**, *Magistrate Judge.*

———————

ARGUED SEPTEMBER 21, 2007—DECIDED MARCH 25, 2008

———————

Before EASTERBROOK, *Chief Judge,* and KANNE and ROVNER, *Circuit Judges*.

KANNE, *Circuit Judge*. Christina Soltys and Danuta Pauch were seriously injured in a car accident caused by Yvonne Costello, who, at the time, was driving under the influence of alcohol. Soltys and Pauch sued Costello, who admitted liability; trial was limited to the amount of damages owed to Soltys and Pauch. The district court denied Soltys and Pauch's eleventh-hour motion to amend their complaint to add a count for punitive damages. After the jury returned its verdict, the district court

denied Soltys and Pauch's motion for a new trial. The district court did not abuse its discretion on either of these issues, so we affirm.

## I. HISTORY

The facts of the accident underlying this case are simple enough: in the early-morning hours of February 27, 2004, Soltys and Pauch were traveling north on U.S. Highway 41 in Hammond, Indiana, when their vehicle was struck by an oncoming vehicle driven by Costello. Costello, who had been driving south on the highway, crossed the center line and caused a head-on collision. Both Pauch and Soltys suffered serious injuries. In a later criminal proceeding arising out of the incident, Costello pled guilty to driving under the influence.

The facts of the litigation surrounding the accident, on the other hand, are muddled and chock-full of attorney blunders. Soltys and Pauch hired attorney Benjamin Nwoye, who filed a complaint in federal court against Costello in June 2004, on the basis of diversity jurisdiction. The complaint included negligence counts, and averred that Costello was legally intoxicated at the time of the accident. Unfortunately for Soltys and Pauch, Nwoye made numerous mistakes after the pleading stage of the litigation, some of which led to the imposition of sanctions against Soltys and Pauch. But Nwoye was not the only attorney committing errors in the case. Counsel for Costello committed a grand oversight by failing to file an answer until nearly two years after the suit commenced.

Part of the confusion for the attorneys on both sides stemmed from an early (albeit routine) change of venue—requested by Costello—from the Northern District of Illinois to the Northern District of Indiana. According to

Nwoye, when the case was transferred he was not yet admitted to practice in Indiana, and he could not access the pertinent documents on the court's electronic system. Nwoye assumed that Costello had filed an answer, and he proceeded with his representation of Soltys and Pauch even though he had no knowledge of the defendant's position. As for Costello's attorney, he inherited the case from an Illinois law firm upon transfer; he, too, thought the complaint had been answered and he proceeded with discovery.

Between the scheduling conference on February 2, 2005, and December 12, 2005 (the originally-scheduled trial date), Nwoye defaulted in responding to discovery requests. He was ordered to disclose Soltys's and Pauch's medical reports, expert witnesses, and expert reports, but failed to do so. This, in turn, affected Costello's discovery obligations; Costello filed a motion seeking an extension of time to disclose her expert witnesses because she was still waiting on the plaintiffs' disclosure of the same. In early July, the district court ordered Soltys and Pauch to satisfy their discovery obligations within the next two-and-a-half weeks. But the plaintiffs and Nwoye did nothing.

Costello forced Nwoye's hand in October by filing a motion to dismiss on the ground that he still had not complied with discovery orders. Shortly thereafter, Costello filed a motion for sanctions, again because of Nwoye's obstinance with respect to discovery. Consistent with previous behavior, Nwoye did not respond to either of these motions. The district court gave Nwoye additional time to respond—until the end of November. But it was not until January 2006 that Nwoye finally responded to the pending motions. In that response, Nwoye explained

that a death in his family had kept him from complying with the discovery schedule. However, Nwoye failed to explain the exact dates he was away from work, why he did not ask for an extension, or why he delayed so long in responding to the motions.

The district court did not dismiss the case, but it did impose sanctions on Soltys and Pauch on January 12, 2006, for their refusal (that is, their attorney's refusal) to respond to discovery requests. As its sanction, the district court excluded "all plaintiffs' experts, expert reports, and personal medical records from the evidence pursuant to [Fed. R. Civ. P.] 37(b)(2) except the 43 pages [already] produced in discovery." Trial was set for May 30, 2006.

In the spring of 2006—after discovery and shortly before trial—Nwoye reviewed the court record and saw that there was no answer. He contacted Costello's attorney and their exchange revealed to both parties that Costello had never filed an answer. On March 24, 2006, Nwoye filed a motion for default judgment, based on the lack of an answer. That same day, Costello filed her answer, in which she admitted liability for the accident. The district court denied Nwoye's motion for default judgment, characterizing Costello's failure to timely file an answer as a "technical deficiency."

About a month before trial, Costello filed a motion *in limine*, seeking to exclude at trial any evidence of her conviction for driving under the influence. Her position was that Soltys and Pauch's complaint only sought compensatory damages, and as such, evidence of her conviction would be prejudicial and irrelevant. Once again, Nwoye did not file a response to Costello's motion.

After the final pretrial conference, Nwoye filed a motion to amend Soltys and Pauch's complaint to add a claim

for punitive damages. In this motion, Nwoye opposed Costello's motion *in limine*. He argued that Costello's intoxication was relevant to the new claim for punitive damages, so it should not be excluded at trial. The district court denied Nwoye's motion to amend, without explanation, but it later explained the denial in a post-trial opinion and order. The court decided that Nwoye had unduly delayed in filing the motion to amend and that Costello would be prejudiced if the complaint was amended just two weeks before trial.

At trial, Soltys and Pauch were prohibited from testifying about medical expenses that had been excluded by the January 12 sanction. Soltys and Pauch refrained from such testimony, but Costello's attorney referenced the excluded evidence in his opening statement. Specifically, Costello's attorney told the jury: "The Court has made several rulings before this trial about what evidence you will hear and will not hear . . . you must suspend that desire to have all the information because not all the information available in this case is going to be presented to you in evidence." Nwoye objected to this, and the court sustained his objection. The court specifically instructed Costello's attorney to comment only on the admissible evidence.

The evidence at trial showed that Soltys and Pauch suffered serious injuries. Pauch could not work for two weeks due to back and leg injuries. Soltys broke both hands and was in casts for three months. This made it difficult for her to continue as the sole caregiver for her child and her elderly mother. Both women had medical expenses.

In Costello's closing argument, her attorney repeatedly drew the jury's attention to the lack of evidence produced

by Soltys and Pauch at trial. He pointed out that doctors did not testify, that medical records were absent, and that there was no accident reconstructionist. He called the plaintiffs' evidence "flimsy." Nwoye did not object to any of Costello's closing statements pertaining to the lack of evidence.

The judge told the jury twice that attorneys' comments are not evidence and should not be weighed as such. The judge instructed the jury not to consider exhibits or testimony that was not admitted into evidence, and not to consider "testimony to which an objection was sustained." Additionally, the jury was told not to "speculate or draw an inference from the fact that one attorney made such an objection."

After deliberation, the jury returned a $10,000 verdict in favor of Soltys, and a $5,000 verdict for Pauch— Costello's attorney had suggested these amounts to the jury, while Nwoye had argued that Soltys deserved at least $300,000 and Pauch was due at least $100,000. Nwoye then made a motion for a new trial based on (1) the court's denial of the motion to amend the complaint, and (2) the comments of Costello's attorney during his opening and closing statements that related to the lack of medical evidence. The district court denied the motion on these two grounds, but lamented that the verdicts for Soltys and Pauch were clearly "inadequate" and "unfair." The court commented that, "for some inexplicable reason, the plaintiffs' attorney did not request a new trial based upon the amount of the jury verdict."

## II. ANALYSIS

On appeal, Soltys and Pauch challenge the district court's denial of their motion to amend their complaint to add a claim for punitive damages. They also argue that they were denied a fair trial because of statements made by Costello's attorney during his opening and closing statements, which alluded to the pretrial sanction.

### A. Denial of the motion to amend the complaint

After Costello filed her answer and admitted liability due to her intoxication, Soltys and Pauch requested leave to amend their complaint to add a count for willful and wanton conduct, a prayer for punitive damages, and a claim for property damages. In response, Costello argued that she would be prejudiced if the the amendments were allowed, because she had made the tactical decision of admitting liability specifically to avoid punitive damages and to limit the issue at trial to compensatory damages.

As an initial matter, we note that it is unclear whether Soltys and Pauch even needed to amend their complaint in order to pursue punitive damages from Costello. Federal Rule of Civil Procedure 54(c) provides that every final judgment (other than default judgments) "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). Thus, Rule 54(c) contemplates an award of punitive damages if the party deserves such relief—whether or not a claim for punitive damages appears in the complaint. Rule 9(g), on the other hand, requires that "[i]f an item of special damage is claimed, it must be specifically stated" in the complaint. Fed. R. Civ. P. 9(g).

Our court has not squarely addressed the question of whether punitive damages are considered "special damages," which must be specifically pled in a complaint, but some of our sister circuits have considered the issue. *See, e.g.*, *Newell v. Wis. Teamsters Joint Council No. 39*, No. 05-C-552, slip op. at 2-5 (E.D. Wisc. Sept. 28, 2007); *see also Bowles v. Osmose Utils. Servs.*, 443 F.3d 671, 675 (8th Cir. 2006); *Scutieri v. Page*, 808 F.2d 785, 790-93 (11th Cir. 1987); *Guillen v. Kuykendall*, 470 F.2d 745, 748 (5th Cir. 1972). But given our stance that "district courts should afford the prevailing party the relief to which it is entitled without regard to errors in the pleadings," *Old Republic Ins. Co. v. Employers Reinsurance Corp.*, 144 F.3d 1077, 1080 (7th Cir. 1998), the fundamental legal error in this case may have been the parties' and the district court's shared assumption that a prayer for punitive damages had to appear in the complaint in order to sustain an award of such damages. If that assumption was mistaken, then Nwoye had solid grounds to oppose the motion *in limine* that sought to bar evidence of Costello's intoxication at trial—the intoxication certainly would have been relevant to Soltys's and Pauch's recovery of punitive damages. But, alas, Nwoye did not raise this challenge below or on appeal, so we have no occasion to explore the interplay of Rule 54(c) and Rule 9(g) with respect to punitive damages. Instead, we will merely consider, as Nwoye asks us to, whether it was an abuse of discretion for the district court to deny Soltys and Pauch's motion for leave to amend their complaint.

We review the district court's denial of a motion for leave to amend a complaint under the highly deferential abuse of discretion standard. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). We will overturn a denial of a motion for leave to amend a complaint only if the district court "abused its discretion by refusing to grant the leave without any justifying reason." *Id.*; s*ee also J.D. Marshall Int'l Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991).

Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave." The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002). Delay on its own is usually not reason enough for a court to deny a motion to amend. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004); *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992). But " 'the longer the delay, the greater the presumption against granting leave to amend.' " *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (quoting *Tamari v. Bache & Co.*, 838 F.2d 904, 908 (7th Cir. 1988)).

The district court based its denial of the leave to amend largely on the long delay. It explained that the amended complaint was filed over 14 months after the original complaint, and "after the close of discovery, the [defen-

dant's] motion *in limine* admitting liability, the filing of the final pretrial order, and the final pretrial conference." The trial date had already been postponed once because of Nwoye's conduct. Additionally, the court decided that it "would have been unduly prejudicial to the defendant to permit the amendment two weeks before the scheduled trial."

We agree with the district court that the motion to amend was unduly delayed and could have further deferred the already postponed trial. Soltys and Pauch had alleged in their original complaint that Costello was intoxicated at the time of the accident. With this allegation, Nwoye could have sought to amend the complaint much earlier, to add a punitive damages count. As far as we can tell, Nwoye simply seemed to have " 'mistakenly or inadvertently' failed to address everything in [the] original complaint," *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005), and "failed to act with diligence," *Campania,* 290 F.3d at 848.

" 'Eleventh hour additions . . . [are] bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants.' " *Perrian*, 958 F.2d at 195 (quoting *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). Nwoye had already caused a postponement of the trial because of discovery violations; we do not find that the district court abused its discretion by denying the motion for leave to amend the complaint. *See Campania Mgmt. Co.,* 290 F.3d at 850.

In light of this holding, we pause to note that we do not credit Costello's argument that her "tactical" choice of admitting fault "in an effort to render the fact of her intoxication irrelevant" would have been thwarted—and

thus Costello would have been prejudiced—had the district court allowed Nwoye to amend the complaint. Costello clearly was to blame for the accident; she was convicted in a criminal proceeding of driving under the influence. To have denied fault would have been dishonest and, for her attorney, likely a breach of his ethical duties. Costello's success here had more to do with poor lawyering by Nwoye, and possibly with a mistaken assumption shared by all involved, than it had to do with her own, arguably sanctionable, "tactical" maneuvering. We do not base our decision—upholding the district court's denial of Soltys and Pauch's motion to amend the complaint—on the theory that Costello would have been unduly prejudiced because she had to defend against a punitive-damages count. Any prejudice she might have suffered because of such a claim was due her. But, looking back, we find no abuse of discretion in the district court's denial of Soltys and Pauch's motion to amend their complaint on the eve of trial.

## B. Denial of the motion for a new trial

Soltys and Pauch argue that they were denied a fair trial because Costello's attorney (1) alluded, in his opening statement, to the district court's January 12 order prohibiting the plaintiffs' submission of additional medical records, and (2) commented on, in his closing argument, the lack of medical evidence introduced at trial to support Soltys and Pauch's claims. Because of these comments, Nwoye filed a motion for a new trial, which the district court denied. We review the district court's denial of a motion for a new trial for abuse of discretion. *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 699 (7th Cir. 2007).

With respect to the statements made by Costello's attorney in his opening statement, the district court agreed that it was improper for the attorney to have brought attention to the discovery defects, but decided that the misconduct was not prejudicial to Soltys and Pauch. Any harm that may have occurred because of the opening statements—suggesting that some evidence had been excluded by the judge—was undone when the court sustained Nwoye's objection and admonished Costello's attorney to stick to the admissible evidence. *See Miksis v. Howard*, 106 F.3d 754, 764 (7th Cir. 1997). The court's instructions to the jury to disregard issues for which objections had been sustained likewise negated any possible prejudice to Soltys and Pauch. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999) ("Moreover, any potential prejudice to [plaintiff] by defense counsel's argument . . . was lessened considerably by the fact that the district court instructed the jury that statements and arguments made by counsel were not to be considered evidence and that the jury should base its verdict solely on the evidence admitted in the case. We have repeatedly found that jury instructions of this sort mitigate any prejudicial effect of potentially improper remarks made by counsel . . . ."); *see also Whiting v. Westray*, 294 F.3d 943, 946 (7th Cir. 2002).

We presume that juries follow the instructions given them by the court. *Chlopek*, 499 F.3d at 702. There is no indication here that the jury was unable or unwilling to follow the court's instructions to refrain from treating the testimony of the attorneys as evidence, and to avoid drawing inferences from sustained objections. The opening statements made by Costello's attorney, though improper, were, nonetheless, not prejudicial.

Soltys and Pauch also challenge the statements made by Costello's attorney in his closing argument. However, Nwoye did not object to these statements at the time, so this part of Soltys and Pauch's challenge is waived. *Miksis*, 106 F.3d at 764 ("Because defendants did not object to any other comments, they did not preserve them for appellate review."); *Gonzalez v. Volvo of Am. Corp.*, 752 F.2d 295, 298 (7th Cir 1985).

Even had Nwoye tendered an appropriate objection when the statements were made, the challenge would still fail because the statements were not improper. Unlike Costello's attorney's improper comments during his opening statement, the closing-argument comments pointed to the lack of evidence offered by Soltys and Pauch, without suggesting why the evidence was not offered (that is, because of a discovery sanction). Attorneys have more leeway in closing arguments to suggest inferences based on the evidence, highlight weaknesses in the opponent's case, and emphasize strengths in their own case. *Jones*, 188 F.3d at 731. In his closing argument, Costello's attorney pointed out the weaknesses in Soltys and Pauch's case in a manner that did not draw attention to the court's sanction. The comments, therefore, were not improper, and would not warrant a new trial for Soltys and Pauch.

Finally, even if the statements made in closing had been improper, Soltys and Pauch would still not be entitled to a new trial. " 'This court has repeatedly explained that improper comments during closing argument rarely rise to the level of reversible error.' " *Miksis*, 106 F.3d at 764 (quoting *Doe v. Johnson*, 52 F.3d 1448, 1465 (7th Cir. 1995)). As is the case with the improper statements made in the opening statement, curative instructions to the jury mitigate harm that may otherwise have resulted

from improper comments during closing argument. *See Jones*, 188 F.3d at 732. The judge twice instructed the jury that attorney statements did not constitute evidence; we presume that the jury obeyed the court, *see Chlopek*, 499 F.3d at 702.

Because the district court remedied any harm done by Costello's attorney in the opening statement with curative instructions to the jury, and because the statements by Costello's attorney in the closing argument were not improper, we do not find an abuse of discretion in the district court's denial of Soltys and Pauch's motion for a new trial.

The outcome of this case seems unfortunate, as the district court noted. Two individuals were hit by an intoxicated driver and suffered serious injuries but were denied proper relief because their attorney did not comply with discovery orders and did not raise valid legal issues that would likely have led to adequate relief for his clients. But, being constrained as we are to review only the issues properly before us on appeal, we cannot remedy this situation. As the district court noted, "any blame lies with the plaintiffs' attorney." If Soltys and Pauch have any hope of securing additional relief, they must look to Benjamin Nwoye.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.