NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2009[*]
Decided April 1, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2286

| | |
|---|---|
| JEFFIE CARROLL, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 05 C 721 |
| CHICAGO PARK DISTRICT, | |
| *Defendant-Appellee.* | Robert W. Gettleman, *Judge*. |

**O R D E R**

When Jeffie Carroll was not rehired by the Chicago Park District as a seasonal tennis instructor, he brought this suit for racial discrimination, retaliation, breach of his union

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

contract, and denial of due process. The district court dismissed Carroll's breach-of-contract and due-process claims, and ultimately a jury found for the Park District on the remaining discrimination and retaliation claims. Carroll appeals, and we affirm.

This is the second time Carroll has sued the Park District for racial discrimination. Carroll, who is black, worked as a seasonal tennis instructor in the early 1990s. After 1994 the Park District outsourced tennis instruction to a private company and stopped hiring seasonal tennis instructors. When the Park District resumed hiring tennis instructors several years later but refused to rehire him, Carroll sued the Park District in 2003 for racial discrimination. He settled his claim for $750 and, as part of the settlement, was rehired for the 2003 season. The Park District, however, did not rehire him for the 2004 season, and as a result, after filing a charge with the Equal Employment Opportunity Commission, he filed this suit.

In 2006 Carroll, represented by counsel, filed his Third Amended Complaint (his previous complaints had been filed pro se). In Count I, Carroll claimed that the Park District discriminated against him because he is black by harassing and belittling him during the 2003 season and refusing to hire him for the 2004 season. In Count II, Carroll alleged that the Park District's harassment and refusal to rehire him were retaliation for his 2003 lawsuit. In Count III, Carroll claimed that the Park District violated his right to due process guaranteed by the contract between the Park District and his union—Service Employees International Union, Local 73—by not informing him of negative evaluations and not affording him grievance procedures. Finally, Carroll alleged in Count IV that the Park District breached the union contract (which he attached to his complaint) by not affording him contractual grievance rights and refusing to rehire him for the 2004 season.

The district court ruled that Carroll's claim that he was harassed during the 2003 tennis season was time-barred because his EEOC charge was not filed within 300 days of the alleged harassment; the court thus limited Carroll's discrimination and retaliation claims to the Park District's failure to rehire him in 2004. The court also dismissed Carroll's due-process claim, reasoning that Carroll was a "probationary employee" because he had been employed less than 180 consecutive days, and as a probationary employee had no access to grievance procedures and thus no property interest in his job that would entitle him to due process. The court then invited Carroll to amend his complaint for the fourth time, which he did.

Carroll's sprawling seven-count Fourth Amended Complaint, filed pro se, reinstated the time-barred claims and the due-process claim that the district court already dismissed, and introduced new, frivolous constitutional and state-law claims. The court struck the complaint because it did not conform to its prior order (which limited his discrimination

claim to the Park District's refusal to rehire him in 2004), and because it "set off another unnecessary round of briefing on the sufficiency of the complaint." The court then ordered the Park District to answer Counts I, II, and IV of the Third Amended Complaint.

Meanwhile, discovery went on, supervised by a magistrate judge. Carroll requested personnel records, and the Park District provided him with the personnel files of all seasonal tennis instructors hired for 2003 and 2004, as well as an evaluation of his 2003 work performance, which was negative. He then asked the Park District for personnel records for all seasonal employees, not just the tennis instructors. The district judge, accepting the magistrate judge's recommendation, denied Carroll's request. When discovery was finished, the magistrate judge returned the case to the district judge, who recruited new counsel for Carroll.

The Park District then filed a motion in limine to bar evidence on Count IV, the breach-of-contract claim. According to the Park District, evidence on this claim should be barred because it was based on the very same contract that the court had earlier found (in dismissing Carroll's due-process claim) not to apply to him because of his probationary status. The court granted the motion in limine and allowed the trial to go forward only on Carroll's discrimination and retaliation claims. Carroll, dissatisfied with his new counsel's performance, represented himself pro se at trial; the jury found in favor of the Park District on both claims.

On appeal, Carroll first argues that the district court erred in dismissing his breach-of-contract and due-process claims. He maintains that contrary to the district court's conclusion, he is subject to provisions of the union contract that authorize challenges to termination, compel notification of negative employment actions, and provide for placement on a recall list after termination. Carroll acknowledges that his employment status was probationary, but says that the Park District's refusal to rehire him for the 2004 season effectively amounted to a termination, and therefore he was eligible for recall and entitled to notice of impending termination, as provided under the contract. He also argues that the Park District violated its own policy because it evaluated him negatively at the end of the 2003 season but never told him about it or disciplined him.

The plain language of the contract, however, supports the district court's determination that Carroll could not benefit from grievance procedures. Section 18.4 explicitly excludes probationary employees from participating in any of the grievance and appeal procedures set forth in the contract:

> All new employees and those hired after loss of seniority shall
> be considered probationary employees until they have

> completed one hundred eighty (180) days. During the
> employee's probationary period, the employee shall not have
> access to the grievance procedure. . . . Probationary employees
> can be discharged without the right to appeal, except where
> allegations are made regarding discrimination . . . in which case
> employees shall have the right to take their claim to the
> District's EEO Administrator who will investigate the
> complaint. . . as it would for any post-probationary employee.
> No complaint alleging [discrimination] shall operate as a stay
> or otherwise prevent the discharge of a probationary employee
> in accordance with this section.

Carroll neither disputes that he was a probationary employee nor explains why section 18.4 should not apply to him. Nor can he point to any provision of the contract that grants seasonal employees with less than 180 days' experience the right to challenge the Park District's refusal to rehire.

Carroll's argument that he had the right to be recalled for the 2004 seasons fails for similar reasons. The union contract specifies that laid-off employees (whether probationary or not) will be placed on a recall list for two years and states that qualified employees on the recall list shall be recalled, "if there is a recall," in the reverse order of their layoff. Carroll equates the end of his seasonal employment with being laid off, but, as he concedes, he served as a seasonal tennis instructor until the end of the 2003 season. He was never laid off; he was simply not rehired and thus is not entitled to the recall procedures in the contract. Because Carroll was not covered by the contractual provisions that provide grievance and recall procedures, he failed to state a claim for breach of contract. And because he has no contractual entitlement to continue work for the Park District, he does not have a property right in his job that would trigger due-process protections. *See Miyler v. Vill. of East Galesburg*, 512 F.3d 896, 898 (7th Cir. 2008).

Carroll also argues that the district court abused its discretion in granting the Park District's motion in limine to exclude the union contract from the evidence presented at trial. This argument is meritless. Having already determined that Carroll was not covered by the contract, the court properly reasoned that the contract had no relevance to Carroll's claims. And given Carroll's pattern of relitigating issues already decided in prior court orders, the judge acted within his discretion in confining the scope of the trial only to issues relevant to Carroll's discrimination and retaliation claims.

Carroll next disputes—in only general terms— the judge's decision to reject his Fourth Amended Complaint. But we will overturn a court's ruling denying a motion to

amend only if the court "abused its discretion by refusing to grant the leave without any justifying reason." *Soltys v. Costello,* 520 F.3d 737, 743 (7th Cir. 2008). Here, the judge gave convincing justification: The complaint included claims that had already been dismissed, added new constitutional claims that had no merit and would have caused undue delay, and did not conform to the court's order limiting Carroll's discrimination and retaliation claims to the Park District's failure to rehire him for the 2004 season.

Finally, Carroll argues that the district judge erred by overruling his objection to the magistrate judge's decision to limit discovery to the employment records of seasonal *tennis* instructors (as opposed to *all* seasonal employees). We review this ruling for an abuse of discretion as well. *See Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008). Because Carroll failed to provide a transcript of the hearing at which the magistrate judge denied his discovery request, we cannot evaluate the magistrate judge's rationale for denying it. Carroll has therefore forfeited this argument. *See* FED. R. APP. P. 10(b)(2); *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.* 342 F.3d 714, 731 n.10 (7th Cir. 2003).

AFFIRMED.