**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued February 27, 2009
Decided May 6, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1456

| | |
|---|---|
| WAYNE A. ADAMS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | Nos. 06 C 3459 |
| OSCAR SZCZERBINSKI, et al., | |
| *Defendants-Appellees*. | Virginia M. Kendall, *Judge*. |

**O R D E R**

Wayne Adams filed suit asserting various § 1983 and state-law claims against several Des Plaines, Illinois police officers for their alleged misconduct during his arrest and detention.  The case went to trial, and the jury returned a verdict in favor of the defendants. Adams appeals, claiming that the district court committed multiple errors before and during the trial.  We affirm.

### I. Background

While driving his car on River Road in Des Plaines, Illinois, in the late evening of May 19, 2005, Adams was stopped by Officer Oscar Szczerbinski of the Des Plaines Police Department. After Officer Dick Lalowski and Sergeant Carol Dougherty arrived on the scene, Adams was handcuffed, informed of his rights, and transported to the police station. At the station, Detectives Jeffrey Rotkvich and Michael Holdman frisked and questioned Adams. In the early morning hours of May 20, 2005, Adams was arrested for battery for throwing a toothpick at Rotkvich. Commander Richard Rozkuszka was the watch commander on duty when these events occurred.

On July 13, 2005, Adams[1] filed a one-count complaint against Rotkvich in Illinois state court for a common-law battery that allegedly occurred at the station ("the first suit"). While the first suit was pending, on May 18, 2006, Adams sued Szczerbinski, Lalowski, and Dougherty in state court, alleging § 1983 claims for false arrest and excessive force against the three and a state-law battery claim against Lalowski ("the second suit"). The claims in the second suit pertained to the alleged River Road incident. The defendants in the second suit removed the case to the Northern District of Illinois. On February 8, 2007, Adams amended his complaint in the first suit, adding Holdman and Rozkuszka as defendants and alleging § 1983 false arrest and excessive force claims against Rotkvich, Holdman, and Rozkuszka for the events that allegedly took place at the station.[2] Those defendants then removed the first suit to the Northern District of Illinois.[3]

On March 29, 2007, over Adams's objection, the district judge in the second suit consolidated the two cases. Six weeks before trial was scheduled to begin, he moved to add a § 1983 malicious prosecution count and state-law malicious prosecution and abuse of process counts against Rotkvich. The district court denied that motion, finding the

---

[1] Mr. Adams is an attorney who represented himself throughout these proceedings.

[2] Adams also brought *Monell* claims against Rozkuszka, Chief James Prandini, and the City of Des Plaines. The district court granted summary judgment for those defendants on those claims, and Adams does not appeal that decision here.

[3] While these civil actions were proceeding, Adams was tried in the Circuit Court of Cook County for criminal battery for throwing the toothpick at Rotkvich. The jury found Adams not guilty of the charged offense on October 16, 2006.

proposed amendments were both untimely and fruitless. Adams filed a motion to reconsider the court's ruling, which the district judge took under advisement. Two weeks before the start of trial, Adams sought leave to add the City of Des Plaines as a defendant and to assert a respondeat superior liability claim against it based on the two battery claims against Rotkvich and Lalowski.[4] The district judge denied his request as untimely. In addition, the court denied Adams's motion to reconsider its earlier ruling, reiterating that the proposed amendments were untimely and fruitless.

Shortly before the trial began, the court denied Adams's motion in limine to exclude the use of the term "traffic stop" by the defendants, their attorneys, and their witnesses at trial. In addition, the district judge granted the defendants' motion for sanctions against Adams for his violations of several local rules. The district court also granted the defendants' motion in limine to bar Adams from presenting evidence of his acquittal on the criminal battery charge. The case proceeded to trial. After the close of the evidence, the court instructed the jury that an officer may arrest a motorist if he has probable cause to believe the motorist has committed a traffic offense. The court then posed a special interrogatory to the jury that asked whether probable cause existed to arrest Adams for any of several specific offenses.[5] On February 1, 2008, the jury returned a verdict in favor of the defendants on all of Adams's claims. The district court entered a final judgment on February 6, 2008, from which Adams now appeals.

## II. Discussion

*A. Consolidation of the Two Cases*

Adams argues that the district court erred when it consolidated the two cases. Under Federal Rule of Civil Procedure 42(a)(2), a district court may consolidate actions if they "involve a common question of law or fact." Adams contends that the district judge failed to recognize that the two suits were factually distinct and that the preparation required for the *Monell* claims was different. "A district court's decision to consolidate cases is subject to review only for an abuse of discretion." *King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992).

---

[4] The City apparently was dismissed from the action after the district court granted it summary judgment on the *Monell* claims.

[5] In its response to the special interrogatory, the jury found that probable cause existed to arrest Adams for driving in excess of the posted speed limit and battery against a police officer.

However, even if we assume arguendo that the district court abused its discretion in consolidating the two cases, the harmless error standard set forth in Federal Rule of Civil Procedure 61 requires us to disregard errors which have no effect upon a litigant's substantial rights. Although Adams did not argue in his briefs that he was prejudiced by the consolidation, at oral argument he stated that the consolidation made presentation of the case difficult at trial due to the number of defendants and confused the jury.

First, the mere presence of six defendants did not make the presentation of the case excessively unwieldy. Originally, there were five defendants named in the first suit. Had the cases not been consolidated and the *Monell* claims not been dismissed, the trial of the first suit would have involved five defendants; therefore, it is unreasonable for Adams to contend that one additional defendant at the actual trial caused him any prejudice. Second, he does not point to any evidence of jury confusion, nor can we identify any. The consolidated case involved two relatively brief episodes, one at a stop site and the other at a police station, with three defendants from each. The claims relevant to each episode were for false arrest and excessive force under § 1983 and battery under state law. Thus, the factual background and applicable laws were not so complex as to confuse the jury. Accordingly, because Adams has not shown that his substantial rights were affected, the district court's error (if any) in consolidating the cases was harmless.

*B. Denial of Motions for Leave to Amend*

Adams also contends that the district court erred when it denied his motion for leave to amend his complaint to add a § 1983 malicious prosecution count and state-law malicious prosecution and abuse of process counts against Rotkvich ("the first motion"), as well as his subsequent motion for leave to add the City of Des Plaines as a defendant and assert a state-law claim for respondeat superior liability against it ("the second motion"). The district court denied those motions based on the untimeliness and futility of the proposed amendments.

Under Federal Rule of Civil Procedure 15(a)(2), district courts must give parties leave to amend pleadings "when justice so requires." However, a court may refuse to give leave to amend based upon undue delay, bad faith, dilatory motive, prejudice, or futility. *Winters v. Fru-Con Inc.*, 498 F.3d 734, 740 (7th Cir. 2007). We review a district court's denial of a litigant's request for leave to amend a pleading for an abuse of discretion. *Foster v. DeLuca*, 545 F.3d 582, 583 (7th Cir. 2008). We will find an abuse of discretion if there was no justifying reason for the district court's refusal to give leave to amend. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

The district court concluded that the first motion, filed by Adams six weeks before trial was to begin, should not be granted because it was made on the eve of trial and was based on events he became aware of fourteen months earlier when he was acquitted on the criminal battery charge. While delay alone is not reason enough to deny a motion to amend, "'the longer the delay the greater the presumption against granting leave to amend.'" *Id.* (quoting *King* v. *Cooke*, 26 F.3d 720, 723 (7th Cir. 1994)). Moreover, "'[e]leventh hour additions are bound to produce delays that burden not only the parties to the litigation but also the judicial system and other litigants.'" *Id.* (quoting *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990)). Therefore, the district court was well within its discretion to deny his first motion because the amendments would have required reopening discovery and postponing the imminent trial. Regarding the second motion, which was filed two weeks before trial was set to begin, the district court denied Adams's request for leave to amend because the claim against the City for respondeat superior liability could have been brought much sooner. That conclusion was not an abuse of discretion. The claim against the City accrued over two-and-a-half years earlier in May 2005, when Rotkvich and Lalowski allegedly committed batteries against Adams. The court reasonably concluded that Adams needlessly deferred pleading the basis for that claim until a mere two weeks before trial was set to begin and that amendment would have caused an unwarranted protraction of the litigation.

In sum, the district court's denial of Adams's motions for leave to amend was justified; therefore, we find no abuse of discretion. In light of this conclusion, we need not address the court's alternate determination that the proposed amendments would have been futile.

*C. Exclusion of Evidence of Acquittal on the Battery Charge*

Adams next argues the district court erred by granting the defendants' motion to exclude evidence of his acquittal on the criminal battery charge in October 2006.[6] He says the evidence should have been admitted so the jury would not be left to wonder if it might be finding in favor of a person who had been convicted of battery against a police officer. In granting the defendants' motion, the district court was concerned the evidence of Adams's acquittal would be prejudicial to the defendants because the jury might conclude the underlying events (i.e., the detention and interrogation) were also tainted. The court also stated that the admission of the acquittal could be prejudicial to the defendants because the

---

[6] See *supra* note 3.

standard of proof in the criminal case was beyond a reasonable doubt. During the trial, the district court instructed the jury to disregard the outcome of the criminal trial. We review a district court's decision to exclude evidence for an abuse of discretion. *Maher v. City of Chicago*, 547 F.3d 817, 823 (7th Cir. 2008).

"Evidence of acquittal in a criminal action is generally irrelevant and inadmissible in a civil case involving the same incident 'since it constitutes a negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt." *Estate of Moreland v. Dieter*, 395 F.3d 747, 755 (7th Cir. 2005) (quoting *Borunda v. Richmond*, 885 F.2d 1384, 1387 (9th Cir. 1989)). Therefore, and in light of the potential prejudice the evidence of Adams's acquittal posed to the defendants, the district court did not abuse its discretion in excluding it from the trial. In addition, the district court directed the jury to not be concerned with the outcome of the criminal trial. We generally presume that a jury heeds the court's instructions. *United States v. Jackson*, 540 F.3d 578, 598 (7th Cir. 2008). Therefore, that instruction was sufficient to address Adams's concern that the jury might speculate whether it would be finding in favor of a person convicted of a criminal offense arising out of the underlying events.

*D. Jury Instruction and Special Interrogatory on Probable Cause*

Next, Adams contends that the district court erred in instructing the jury that an arrest is constitutional when an officer has probable cause to believe a motorist has committed a traffic offense. He argues that the instruction did not apply because he was not arrested by the police during the River Road incident (in spite of the fact that he was handcuffed, read his rights, and taken to the police station in a squad car). We review a court's jury instructions de novo to determine whether, taken as a whole, they accurately informed the jury of the applicable law. *Huff v. Sheahan*, 493 F.3d 893, 899 (7th Cir. 2007).

One of the § 1983 claims Adams lodged against the defendants from the River Road incident was for false arrest. A false arrest is an unreasonable seizure prohibited by the Fourth Amendment. *Ienco v. Angarone*, 429 F.3d 680, 683 (7th Cir. 2005). "Because the existence of probable cause is an absolute defense to a § 1983 false-arrest claim," *Montano v. City of Chicago*, 535 F.3d 558, 568 (7th Cir. 2008), the defendants requested an instruction that they did not violate Adams's constitutional rights if they had probable cause to arrest him for a traffic offense. Relying on *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001), the district court instructed the jury that "[u]nder the Constitution, if a police officer has probable cause to believe that a motorist has committed a traffic offense, the motorist may

be placed under arrest, handcuffed, and taken to the jail without violating the constitutional rights of the motorist."

A person is considered to be under arrest when, under the relevant circumstances, a reasonable person would not have believed he was free to leave. *DeLuna v. City of Rockford, Illinois*, 447 F.3d 1008, 1014 (7th Cir. 2006). Certainly a reasonable person in Adams's shoes would not have thought he was free to leave after being handcuffed, read his rights, and transported to the police station in a police car; therefore, the district court correctly concluded that Adams had been placed under arrest. Because Adams had brought claims for false arrest against the officers involved in the River Road incident and because probable cause is an absolute defense to such claims, the instruction given by the district court was appropriate.[7]

Adams also claims the special interrogatory asking the jury if probable cause existed to arrest him during the River Road incident should not have been posed because it made the jury decide an issue of fact that was not necessary to reach a verdict. We review a district court's decision to give a special interrogatory for an abuse of discretion. *Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 377 (7th Cir. 1996). The district court did not abuse its discretion in posing the special interrogatory to the jury. Contrary to Adams's assertion, the

---

[7] Adams's contention that this instruction was improper because he was not actually arrested on River Road is curious, inasmuch as he was stopped, handcuffed, read his *Miranda* rights, and taken to the police station in a squad car. He argues instead that the stop was an investigative one governed by the reasonable suspicion standard from *Terry v. Ohio*, 392 U.S. 1 (1968). Even if we assume for the sake of argument that Adams is correct that he was not arrested and that a reasonable suspicion instruction was appropriate, any error was harmless. Probable cause is a higher standard than reasonable suspicion. *United States v. Brown*, 366 F.3d 456, 458 (7th Cir. 2004). Because the jury determined that probable cause existed to arrest Adams for speeding, it necessarily follows that there was reasonable suspicion for the stop. Therefore, even if the district court's instruction was improper (it was not), any error was harmless.

Adams also complains that the court's instruction permitted the officers to evade liability even though the real reason for the stop was not the commission of a traffic offense but rather for investigative purposes. However, an officer's subjective reasons for making a stop do not render the stop invalid as long as the facts known to the officer gave him probable cause to believe an offense had been or was being committed. *See Devenpeck v. Alford*, 543 U.S. 146, 153–55 (2005).

special interrogatory asked the jury to decide an issue that *was* necessary to the determination of his claims for false arrest: whether probable cause existed to arrest him for a criminal offense.

*E. Denial of Motion to Exclude the Term "Traffic Stop"*

Adams also claims that the district court erred in denying his motion to bar the defendants, their attorneys, and their witnesses from using the term "traffic stop" in describing the events of May 19, 2005. However, he failed to develop this argument on appeal; therefore, he has waived it. *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 549 (7th Cir. 2002).

*F. Order of Sanctions*

Adams also asks that we vacate the district court's order that granted the defendants' motion for sanctions against him for various violations of the local rules. Again, however, he has waived the argument by failing to develop it.

### III. Conclusion

We find no abuse of discretion in the district court's denial of Adams's motions for leave to amend his complaint, its grant of the defendants' motion to exclude evidence of Adams's acquittal, or its posing of the special interrogatory to the jury. Moreover, any abuse of discretion by the district court in consolidating the cases was harmless. In addition, the jury instruction on probable cause was an accurate statement of the law. Adams has waived his arguments regarding the district court's ruling on the use of the term "traffic stop" and its order of sanctions. Accordingly, we AFFIRM the judgment of the district court.