**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2017[*]
Decided March 17, 2017

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-3330

| | |
|---|---|
| CALVIN L. MERRITTE, <br> *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 11-871-SCW |
| STEPHANIE INGRAM, <br> *Defendant-Appellee*. | Stephen C. Williams <br> *Magistrate Judge*. |

### O R D E R

Calvin Merritte sued Stephanie Ingram, a prison nurse whom he accused of exhibiting deliberate indifference to his asthma and retaliating against him by filing a false disciplinary ticket. A jury found for Ingram on both claims, and the district court awarded her costs. Merritte now appeals, challenging the denial of his motions for judgment as a matter of law and for a new trial, as well as the costs award. We dismiss his challenge to the costs award for lack of appellate jurisdiction and affirm in all other respects.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

We recount the facts in the light most favorable to Ingram. *See Venson v. Altamirano*, 749 F.3d 641, 646 (7th Cir. 2014). In June 2009, while Merritte was incarcerated at the Stateville Correctional Center, a doctor gave him a 30-day prescription for an asthma inhaler. Soon after the prescription expired, Merritte was transferred to Centralia Correctional Center. The medical summary that was prepared for the transfer did not mention any asthma diagnosis.

A week after the transfer, Merritte reported to the infirmary complaining about an asthma attack. Diagnostic tests revealed restriction in Merritte's airflow, so a nurse administered a breathing treatment, which restored his airflow to a normal level.

The following week, when Ingram was the nurse on duty, Merritte visited the infirmary to be tested for tuberculosis. While there he asked Ingram for an asthma inhaler. Ingram told him that an inhaler would require a doctor's prescription and that he should put in a sick-call request.

Around 8:00 p.m. that night, Ingram received a call from a guard who asked whether Merritte was currently prescribed an inhaler. Ingram checked Merritte's medical records and replied that he was not. About 30 minutes later, Merritte went to the infirmary complaining that he had suffered an asthma attack while playing basketball. Ingram twice measured his airflow and both times determined that it fell well within the normal range and required no treatment. Ingram then wrote Merritte a disciplinary ticket for falsely reporting an asthma attack and disobeying her order to submit a sick-call request.

A physician examined Merritte three days later and prescribed an inhaler for mild, exercise-induced asthma. Prison administrators later concluded that the disciplinary ticket was unwarranted.

Merritte then brought suit under 42 U.S.C. § 1983 against Ingram and other prison officials whom he accused of deliberate indifference and retaliation. After some preliminary litigation, the district court denied the parties' cross-motions for summary judgment,[1] recruited counsel for Merritte, and allowed him to proceed to trial on two

---

[1] Merritte now challenges the denial of his motion for summary judgment against Ingram, but that denial is an interlocutory matter and—absent exceptions not present here—it is not subject to appeal once the case proceeds to trial. *See Ortiz v.*

claims: (1) that Ingram was deliberately indifferent to his asthma attack in response to the guard's phone call, and (2) that Ingram retaliated against him by issuing a disciplinary ticket after he threatened to file a grievance against her.

At trial the parties presented conflicting evidence about the accuracy of Merritte's medical records and specifically about whether he had a prescription for an inhaler. Merritte insisted that he did have a prescription when he asked Ingram for an inhaler and that he had been suffering an "acute" asthma attack when the guard called Ingram. He also stated that Ingram wrote the disciplinary ticket against him after he told her that he planned to file a grievance against her. Ingram testified, consistent with Merritte's medical records, that he did not have a prescription for an inhaler when she examined him. She also stated that she did not believe Merritte needed an inhaler on an emergency basis, that the guard whom she spoke with on the phone did not tell her about Merritte's asthma attack, and that she wrote the disciplinary ticket because she believed Merritte had violated prison rules.

At the close of the evidence, Merritte moved for judgment as a matter of law, but the district court denied his motion. The jury then returned a verdict for Ingram on both claims. Merritte immediately moved for a new trial, arguing that he should have been permitted to testify about what he had learned from the guard with respect to the guard's conversation with Ingram. The district court denied the motion, reiterating a pre-trial ruling that the proposed testimony amounted to inadmissible hearsay.

After trial Merritte's counsel withdrew and Merrite renewed his motions for judgment as a matter of law and for a new trial. *See* FED. R. CIV. P. 50, 59. The district court again denied the motions, and Merritte appealed. The district court, over Merritte's objections, later awarded Ingram $2,200 for copying and transcription costs. *See* FED. R. CIV. P. 54(d)(1). Merritte did not separately appeal the costs award.

In this court Merritte again argues that he is entitled to judgment as a matter of law because, he says, the undisputed evidence shows that Ingram was deliberately indifferent to his asthma and retaliated against him. We review de novo the denial of a motion for judgment as a matter of law, and will affirm so long as "a reasonable jury would have a legally sufficient evidentiary basis to find for prevailing party." *Gracia v. SigmaTron Int'l, Inc.*, 842 F.3d 1010, 1018–19 (7th Cir. 2016).

---

*Jordan*, 131 S. Ct. 884, 888–89 (2011); *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 823–24 (7th Cir. 2016).

A reasonable jury could find for Ingram on Merritte's deliberate indifference claim. Although Merritte characterizes asthma as a "life-threatening" medical condition, he ignores that *his* asthma was mild and did not require treatment when Ingram examined him. Ingram also testified that she did not know that the guard's call was prompted by an asthma attack. Moreover, Merritte's dissatisfaction with having to wait a few days to receive an inhaler is not a basis for concluding that he is entitled to judgment as a matter of law. *See McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016) (recognizing that "an inmate claiming a violation of the Eighth Amendment must do more than show negligence, medical malpractice, or disagreement with a prescribed course of treatment").

As for Merritte's retaliation claim, a reasonable jury also could find for Ingram. Although prison administrators eventually threw out the disciplinary ticket against Merritte, a jury could believe Ingram's testimony that she only ticketed him because she thought he violated prison rules.

Merritte also identifies various reasons why he believes the district court should have granted his motion for a new trial. First he asserts that the verdict is against the manifest weight of the evidence. But, as detailed above, Merritte has fallen far short of showing that "no rational jury" could have found in Ingram's favor on the two claims. *See Saathoff v. Davis*, 826 F.3d 925, 933 (7th Cir. 2016) (quoting *EEOC v. AutoZone, Inc.*, 809 F.3d 916, 919 (7th Cir. 2016)). Merritte next argues that the district court should have allowed him to testify about what the guard relayed to him about his phone conversation with Ingram. But as the district court properly found, that proposed testimony amounted to inadmissible "double hearsay." *See Swearnigen-El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010) (recognizing that prisoner's statements about what other prisoners allegedly heard a guard say were "double hearsay"). Merritte also asserts that the fairness of his trial was undermined by various evidentiary rulings, the jury instructions, and comments by defense counsel. But he forfeited each of these challenges by failing to raise objections at the appropriate time in the proceedings. *See Boutros v. Avis Rent A Car Sys., LLC*, 802 F.3d 918, 924 (7th Cir. 2015); *Soltys v. Costello*, 520 F.3d 737, 745 (7th Cir. 2008).

Finally, Merritte challenges the district court's costs award on grounds that he is indigent and the district court lacked authority to award costs after he filed his notice of appeal. But Merritte's failure to file a second notice of appeal to challenge the costs award strips us of appellate jurisdiction to consider this challenge. *See Ackerman v. Nw.*

*Mut. Life Ins. Co.*, 172 F.3d 467, 468–69 (7th Cir. 1999); *York Ctr. Park Dist. v. Krilich*, 40 F.3d 205, 207 (7th Cir. 1994).

Accordingly, we DISMISS Merritte's appeal of the district court's costs award for lack of appellate jurisdiction. In all other respects we AFFIRM.